**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-02257

ROBERT E. TAYLOR,

    Plaintiff,

v.

CONN APPLIANCES, INC. d/b/a
CONN'S HOMEPLUS,

    Defendant.

**COMPLAINT**

NOW comes ROBERT E. TAYLOR ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of CONN APPLIANCES, INC. d/b/a CONN'S HOMEPLUS ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* for Defendant's unlawful practices.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the District of Colorado and a substantial portion of the events or omissions giving rise to the claims occurred within the District of Colorado.

## PARTIES

4. Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39), over eighteen years of age residing in Denver, Colorado, which lies within the District of Colorado.

5. Defendant owns and operates a chain of retail home appliances stores. Defendant is a corporation organized under the laws of the state of Delaware with its principal place of business located at 3295 College Street, Beaumont, Texas.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. In approximately July 2018, Plaintiff began receiving calls to his cellular phone, (720) XXX-2029, from Defendant.

9. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 2029. Plaintiff is and always has been financially responsible for the cellular phone and its services.

10. Defendant mainly called Plaintiff's cellular phone using the phone number (303) 731-6193, but upon belief, it has used other numbers as well.

11. Upon information and belief, the above referenced phone number ending in 6193 is regularly utilized by Defendant during its debt collection activities.

12. Upon answering calls from Defendant, Plaintiff experienced a noticeable pause, lasting several seconds in length, before a live representative began to speak.

13. Upon speaking with Defendant, Plaintiff was informed that it was seeking to collect upon an outstanding debt said to be owed by Plaintiff's mother.

14. The subject debt arose after Plaintiff's mother purchased a series of household goods from Defendant.

15. Aside from making a couple payments to Defendant on behalf of his mother, Plaintiff has no connection with the subject debt.

16. Plaintiff informed Defendant that the debt was his mother's, that he was not responsible for the debt, and further demanded that Defendant stop contacting his cellular phone.

17. Despite informing Defendant that it was calling the wrong person and demanding that it cease contacting him, Defendant continued to regularly call Plaintiff's cellular phone up until the filing of the instant action.

18. Defendant has called Plaintiff's cellular phone multiple times during the same day, even after being notified that it was calling the wrong person and to stop calling.

19. For example, on August 27, 2018, Defendant placed at least three calls to Plaintiff's cellular phone.

20. Plaintiff has received not less than 25 phone calls from Defendant seeking to collect upon a debt which he does not owe.

21. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

22. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

23. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls intended for an unknown person, emotional distress, increased risk of personal injury resulting from the distraction caused by the relentless calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

25. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

26. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause, lasting several seconds in length, that Plaintiff experienced on answered calls from Defendant is instructive that an ATDS was being utilized to generate the phone calls. In addition, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

27. Defendant violated the TCPA by placing at least 25 phone calls to Plaintiff's cellular phone using an ATDS without his consent. Plaintiff has never had any business relationship with Defendant nor has he given it permission to call his cellular phone. Defendant was calling Plaintiff's cellular phone attempting to collect upon a debt owed by his mother. As such, Plaintiff could not have given Defendant consent to contact him. Even if Defendant had a legitimate business reason for initially contacting Plaintiff, which it did not, he explicitly revoked any such consent by his demands that Defendant cease contact.

28. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

29. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Defendant had ample reasons to be aware that it was calling the wrong party yet it continued its attempts to harass Plaintiff into making payment on a loan for which he had no underlying obligation.

WHEREFORE, Plaintiff, ROBERT E. TAYLOR, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: August 31, 2018                                  Respectfully submitted,

s/ Nathan C. Volheim                                    s/Taxiarchis Hatzidimitriadis
*Nathan C. Volheim*                                     *Taxiarchis Hatzidimitriadis*
Sulaiman Law Group, Ltd.                                Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                     2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                 Lombard, Illinois 60148
(630) 568-3056 (phone)                                  (630) 581-5858 (phone)
nvolheim@sulaimanlaw.com                                thatz@sulaimanlaw.com
Attorney for Plaintiff                                  Attorney for Plaintiff